1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

7
8

CECLIA POPPLE,                                    )    1:05cv0478 DLB
                                                  )
9                                                 )
                                                  )
10                        Plaintiff,              )    ORDER DISMISSING ACTION FOR
                                                  )    PLAINTIFF'S FAILURE TO RESPOND TO
11                                                )    ORDER TO SHOW CAUSE
          v.                                      )
12                                                )
JO ANNE B. BARNHART, Commissioner                 )
13  of Social Security,                           )
                                                  )
14                                                )
                          Defendant.              )
15  _____)

16

On April 4, 2005, Plaintiff filed the present action for judicial review of the denial of

17

Social Security benefits.  On September 8, 2006, the Court issued an order to show cause why the

18

action should not be dismissed for Plaintiff's failure to file an opening brief pursuant to the

19

Court's April 12, 2005, Scheduling Order.  The order to show cause required Plaintiff to respond

20

within twenty (20) days or face dismissal of the action.  Plaintiff has failed to respond to the

21

order to show cause or otherwise contact the Court.

22

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these

23

Local Rules or with any order of the Court may be grounds for the imposition by the Court of any

24

and all sanctions . . . within the inherent power of the Court."  District courts have the inherent

25

power to control their dockets and "in the exercise of that power, they may impose sanctions

26

including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d

27

829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's

28

1  failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.

2  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with

3  local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to

4  comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-

5  41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to

6  keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.

7  1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,

8  1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local

9  rules).

10       In determining whether to dismiss an action for lack of prosecution, failure to obey a

11  court order, or failure to comply with local rules, the court must consider several factors: (1) the

12  public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;

13  (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

14  their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831;

15  Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,

16  46 F.3d at 53.

17       In the instant case, the court finds that the public's interest in expeditiously resolving this

18  litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case

19  has been pending since April 2005.  The third factor, risk of prejudice to defendants, also weighs

20  in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable

21  delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The

22  fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed

23  by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his

24  failure to obey the court's order will result in dismissal satisfies the "consideration of

25  alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33;

26  Henderson, 779 F.2d at 1424.  The Court's Order to Show Cause expressly stated: "Failure to

27  respond to this Order to Show Cause will result in dismissal of this action."  Thus, Plaintiff had

28  adequate warning that dismissal would result from his noncompliance with the Court's order.

1      Accordingly, this action is HEREBY DISMISSED based on Plaintiff's failure to obey the

2   Court's order of April 12, 2005, and the Court's Order to Show Cause of September 8, 2006.

3

4      IT IS SO ORDERED.

5   **Dated:**    **October 25, 2006**                    /s/ **Dennis L. Beck**
    3b142a                                              UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3